UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKE MORGAN,

                Plaintiff,

     v.

L. DAVIES, et al.,

                Defendants.

No.  2:24-cv-00480-DAD-CKD P

ORDER

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 6.  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2  § 1915(b)(2).

3  **I.      Screening Requirement**

4  The court is required to screen complaints brought by prisoners seeking relief against a

5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

9  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

11  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

12  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

13  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

14  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

15  Cir. 1989); Franklin, 745 F.2d at 1227.

16  A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

17  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

18  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

19  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

20  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

21  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

22  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

23  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

24  McKeithen, 395 U.S. 411, 421 (1969).

25  **II.      Allegations in the Complaint**

26  At all times relevant to the allegations in the complaint, plaintiff was an inmate at

27  California State Prison-Solano.  Plaintiff sues three correctional officers employed at CSP-

28  Solano.

2

In June or July of 2021, plaintiff was searched and a cell phone was discovered.  As a result, he was issued a rules violation report ("RVR").  At the disciplinary hearing for this RVR, defendant Davies refused to allow plaintiff to call any of his inmate witnesses.  Plaintiff  was found guilty and lost family visitation privileges as a result.

Defendant Espinoza threatened one of plaintiff's witnesses, although no further details are provided about this threat.  Plaintiff also alleges that defendants Davies and Hall falsified documents.

Plaintiff filed an inmate grievance against defendant Davies for his refusal to allow witnesses at his disciplinary hearing.  A month later, plaintiff's bunk was searched by defendant Hall who took his tablet without issuing plaintiff a cell search slip.

By way of relief, plaintiff seeks compensatory damages and the restoration of his family visitation privileges.

### III.    Legal Standards

The court provides plaintiff with the following legal standards governing his potential claims for relief in deciding whether to file a second amended complaint.

#### A.  Linkage

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

#### B.  False Report

A prisoner has no constitutionally-guaranteed immunity from being falsely or wrongly

accused of conduct that may lead to disciplinary sanctions.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989).  As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge generally fail to state a claim under section 1983.  See Hanrahan v. Lane, 747 F.2d 1137, 1140– 41 (7th Cir. 1984).  An exception exists when the fabrication of charges infringed on the inmate's substantive constitutional rights, such as when false charges are made in retaliation for an inmate's exercise of a constitutionally protected right.  See Sprouse, 870 F.2d at 452 (holding that filing of a false disciplinary charge in retaliation for a grievance filed by an inmate is actionable under section 1983).

### C. First Amendment Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559 567-68 (9th Cir. 2005) (citations omitted).  Filing an inmate grievance is a protected action under the First Amendment.  Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).  A prison transfer may also constitute an adverse action.  See Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005) (recognizing an arbitrary confiscation and destruction of property, initiation of a prison transfer, and assault as retaliation for filing inmate grievances); Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (finding that a retaliatory prison transfer and double-cell status can constitute a cause of action for retaliation under the First Amendment).

### IV.    Analysis

Having conducted the required screening with respect of plaintiff's complaint, the court finds that plaintiff may proceed on the due process violation against defendant Davies.  However, he has failed to allege a claim against defendants Hall or Espinoza.  Plaintiff does not allege a separate claim against defendants who allegedly wrote false reports about plaintiff because there is no allegation that they were written in retaliation for plaintiff's prior grievances or other protected conduct.  Accordingly, plaintiff fails to state a cognizable claim based on the issuance

4

of false reports.  Additionally, plaintiff does not allege that defendant Hall's search of his bunk was done in retaliation for the filing of a grievance against defendant Davies.  As a result, the complaint does not state a valid First Amendment retaliation claim against defendant Hall.  The complaint does not contain sufficient detail concerning the threat made by defendant Espinoza for the court to determine if this rises to the level of retaliation in violation of the First Amendment.

At this point, plaintiff has two options.  He may:  1) proceed immediately on the due process claim against defendant Davies; or 2) attempt to cure the deficiencies with respect to the remaining defendants by filing an amended complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed.  If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint.  If plaintiff elects to proceed on his claim against defendant Davies without amending the complaint, the court will proceed to serve the complaint.  A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of defendants Hall and Espinoza as well as any other claims for relief apart from the due process violation.

**V.    Standards Governing Amended Complaints**

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an

amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, any previous complaints no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### VI.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have a choice to make. You may either (1) proceed immediately on the due process claim against defendant Davies and voluntarily dismiss the other defendants; or, (2) try to state a claim against the remaining defendants by amending the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your claims against defendants Hall and Espinoza.

If you choose to file an amended complaint, it must include all claims you want to bring. Once an amended complaint is filed, the court will not look at any information in the original complaint. Any claims and information not in the first amended complaint will not be considered.

Once you decide how you want to proceed, you must complete the attached notification and return it to the court. After the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendant Davies to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 6) is GRANTED.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3.   Plaintiff has the option to proceed immediately on his due process claim against defendant Davies, or he may amend the complaint to fix the deficiencies with respect to the remaining defendants.

4.   Within 21 days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file an amended complaint.  If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of defendants Hall and Espinoza and the claims apart from the due process violation.

Dated:  August 7, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/morg0480.14.option

7

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    MIKE MORGAN,                              No.  2:24-cv-00480-DAD-CKD

12                  Plaintiff,

13         v.                                   NOTICE OF ELECTION

14    L. DAVIES, et al.,

15                  Defendants.

16

17         Check one:

18    _____ Plaintiff wants to proceed immediately on his due process claim against defendant Davies

19         without amending the complaint.  Plaintiff understands that by going forward without

20         amending the complaint he is voluntarily dismissing without prejudice defendants Hall

21         and Espinoza as well as the remaining claims pursuant to Federal Rule of Civil Procedure

22         41(a).

23

24    _____ Plaintiff wants to amend the complaint.

25

26    DATED:_____

27                                         _____
                                           Mike Morgan
28                                         Plaintiff pro se